RWP/sls

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6267 CR-FERGUSON**

18 USC 1542
18 USC 911
18 USC 1621

**MAGISTRATE JUDGE SNOW**

UNITED STATES OF AMERICA

v.

ANDREW PETER VAZ,

    Defendant.
_____/



### INDICTMENT

The Grand Jury charges that:

#### COUNT I

On or about July 20, 2000, at Broward and Dade Counties, in the Southern District of Florida, the defendant,

ANDREW PETER VAZ,

did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for his own use, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in



that the defendant stated in said application that he was born in Connecticut and a citizen of the United States, when in truth and in fact, and as the defendant then and there well knew, he was not born in Connecticut and was not a citizen of the United States; in violation of Title 18, United States Code, Section 1542.

### COUNT II

On or about July 20, 2000, at Broward and Dade Counties, in the Southern District of Florida, the defendant,

ANDREW PETER VAZ,

an alien, did knowingly and willfully falsely represent himself to be a citizen of the United States, in that he presented a birth certificate from Connecticut, claiming this to be his own birth certificate, in an attempt to induce and secure the issuance of a passport; in violation of Title 18, United States Code, Section 911.

### COUNT III

On or about July 20, 2000, at Broward and Dade Counties, in the Southern District of Florida, the defendant,

ANDREW PETER VAZ,

having duly taken an oath, before Ms. Giselle Escobar a competent passport agent of the Department of State, duly authorized and empowered by the Secretary of State to administer oaths under the provisions of Title 22, United States Code, Section 213, to verify the truth of recitals in applications for passports, that the

written declarations he had made on his application for a United States passport were true, did willfully and knowingly and contrary to said oath state material matters which he then and there did not believe to be true, in that he stated under oath as aforesaid that he was born in Connecticut and was a citizen of the United States, when in truth and in fact and as the defendant then and there well knew, he was not born in Connecticut and was not a citizen of the United States; in violation of Title 18, United States Code, Section 1621.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** _____ |
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| ANDREW PETER VAZ | **Superseding Case Information**: |

**Court Division**: (Select One)

___ Miami  ___ Key West
X   FTL    ___ WPB  ___ FTP

New Defendant(s)   Yes ___   No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) NO _____
   List language and/or dialect _____

4. This case will take  2  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                           (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X___ | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | X___ |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) NO _____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No) _____ NO _____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes  X  No

*Roger W. Powell*
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 341411

*Penalty Sheet(s) attached                                              REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**Defendant Name:** ANDREW PETER VAZ        **Case No.** _____

Count #: **1**

**False Statement in Application for U.S. Passport**

**Title 18, United States Code, Section 1542**

**\*Max. Penalty: 10 years' Imprisonment; and $250,000 fine.**

====================================================================

Count # **2**

**False Claim to U.S. Citizenship**

**Title 18, United States Code, Section 911**

**\*Max. Penalty: 3 years' Imprisonment; and $250,000 fine**

====================================================================

Count #: **3**

**Perjury**

**Title 18, United States Code, Section 1621**

**\*Max. Penalty: 5 years' Imprisonment; and $250,000 fine**

====================================================================

Count #:

**\*Max. Penalty:**
====================================================================

Count #:


**\*Max. Penalty:**
====================================================================

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable        10/9/98